**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BLYTHE RECYCLING AND DEMOLITION SITE HOLDINGS, INC.<br><br>Plaintiff,<br><br>v.<br><br>BERNARD KUPERAVAGE AND KK COAL, LLC. f/k/a K. & K. COAL COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 3:25-CV-01910<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is Plaintiff Blythe Recycling and Demolition Site Holdings Inc.'s ("BRADS") motion for partial judgment on the pleadings. (Doc. 17). On October 10, 2025, BRADS initiated this action by filing a complaint against Defendants Bernard Kuperavage ("Mr. Kuperavage") and KK Coal, LLC, f/k/a K. & K. Coal Company ("KK Coal") (collectively, "Defendants"). (Doc. 1). For the following reasons, the motion shall be **GRANTED**. (Doc. 17).

## I. Background and Procedural History

The following factual summary is taken from BRADS's complaint. (Doc. 1). BRADS is a Delaware corporation that owns a construction and demolition landfill located at 1061 Burma Road, New Philadelphia, Blythe Township, Pennsylvania (the "BRADS landfill"). (Doc. 1, ¶¶ 10-11). BRADS handles the removal and conveyance of leachate subject to the rules, conditions, and restrictions of a Department of Environmental Protection permit ("DEP Permit"). (Doc. 1, ¶ 11). Mr. Kuperavage is an individual residing within the Commonwealth of Pennsylvania. (Doc. 1, ¶ 14). KK Coal is a Pennsylvania limited liability company of which Mr. Kuperavage is a member. (Doc. 1, ¶ 15).

On the morning of October 7, 2025, BRADS's Operations Manager visited the site of its sewer line construction project and found that large machinery was parked in the thoroughfare. (Doc. 1, ¶ 5). BRADS's Operations Manager also discovered that a "significant amount of BRADS's piping materials in its Easement were actively ablaze." (Doc. 1, ¶ 5). On October 10, 2025, BRADS initiated this lawsuit alleging a claim of civil trespass against Mr. Kuperavage and KK Coal for Mr. Kuperavage's actions in blocking access to BRADS's easement where the sewer line construction was underway. (Doc. 1). BRADS alleges that damages and construction delays were incurred because of Mr. Kuperavage's actions and the burning of pipes. (Doc. 1, ¶ 49). On October 31, 2025, Defendants filed their answer to the complaint. (Doc. 13).

BRADS's trespass claim involves an easement granted to BRADS by Blythe Township. (Doc. 1, ¶¶ 1, 26). On July 8, 2025, Blythe Township initiated the condemnation of a 3.333-acre strip on Tax Parcel Nos. 02-06-0014.000, 02-06-0015.000, 02-06-0016.000 and 02-06-0017.000 (the "Property") under a Declaration of Taking filed in the Court of Common Pleas of Schuylkill County, Pennsylvania pursuant to 26 Pa. Stat. and Cons. Stat. Ann. § 101 *et seq.* (the "Condemnation"). (Doc. 1, ¶ 17). After finding no deed owner for the Property, Blythe Township published the Notice of the Condemnation once in The Republican-Herald on July 10, 2025 and once in Schuylkill Legal Record on July 17, 2025. (Doc. 1, ¶¶ 20-21). By August 20, 2025, the deadline to file objections, none were raised in connection with the Condemnation proceeding. (Doc. 1, ¶¶ 22-23). On August 26, 2025, Blythe Township and BRADS entered into an Easement Agreement (the "Easement") which was recorded in the Schuylkill County Office of the Recorder of Deeds. (Doc. 1, ¶¶ 25-26). BRADS intended the Sewer Line Construction "to facilitate the conveyance of leachate" from the BRADS Landfill

located at 1061 Burma Road, New Philadelphia, Blythe Township, Pennsylvania. (Doc. 1, ¶¶ 29-30). Under the Easement, BRADS was given "a perpetual, exclusive easement and right of way, with the right, privilege, and authority to undertake the Sewer Line Construction." (Doc. 1, ¶ 27).

After August 26, 2025, Mr. Kuperavage made overtures stating he possessed subsurface land rights involving the Property. (Doc. 1, ¶ 37). BRADS received evidence of the subsurface land rights on October 8, 2025 when Mr. Kuperavage provided a signed document noting the "Official Coal Land Lease of Schuylkill County Commissioners and the Tax Claim Bureau of Schuylkill Couty for Surface Mining" dated July 1, 1990. (Doc. 1, ¶ 39). It is disputed between the parties as to whether Mr. Kuperavage and/or KK Coal's mining rights were terminated by the Condemnation. (Doc. 1, ¶ 40; Doc. 13, ¶ 40). On October 3, 2025, Mr. Kuperavage's counsel represented to BRADS's counsel that he advised Mr. Kuperavage that he was allowed to block BRADS's access to its Easement. (Doc. 1, ¶ 41). Mr. Kuperavage went onto the Property and stated his intent to block access to the Easement. (Doc. 1, ¶ 42). On October 7, 2025, Mr. Kuperavage blocked BRADS's access to its Easement "by placing large heavy machinery in the Easement." (Doc. 1, ¶ 45).

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings is governed by Rule 12(c) of the Federal Rules of Civil Procedure, which provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Granting a 12(c) motion results in a determination on the merits at an early stage in the litigation," and thus, the movant is required " 'to clearly establish [ ] that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *Inst. for*

*Scientific Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1005 (3d Cir. 1991) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). A Rule 12(c) motion is analyzed under the same standards that apply to a Rule 12(b)(6) motion, construing all allegations and inferences in the light most favorable to the nonmoving party. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019). Thus, to survive a 12(c) motion, the complaint must contain sufficient factual matter to show that the claim is facially plausible, enabling the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)).

"In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Zimmerman v. Corbett*, 873 F.3d 414, 417-18 (3d Cir. 2017) (citing *Allah v. Al–Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000)). When adjudicating a motion for judgment on the pleadings, the court should generally consider only those allegations contained in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *see Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010) (court may consider "the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents, and matters of public record").

## III. DISCUSSION

### A. MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

BRADS argues that it is entitled to partial judgment on the pleadings because, based on the pleadings alone, there are no remaining material issues of fact regarding the single trespass claim. (Doc. 18, at 2-3). BRADS submits that Defendants have admitted all elements of the trespass claim. (Doc. 17, ¶ 2). Specifically, BRADS contends that Defendants acknowledged the Condemnation proceedings initiated by Blythe Township in which the Blythe Township acquired possession of a 3.333-acre strip on the property. (Doc. 17, ¶¶ 3, 6). BRADS further asserts that it is undisputed between the parties that Defendants "were advised by counsel to block BRADS's access to its Easement." (Doc. 17, ¶ 7; *See* Doc. 1, ¶ 41; Doc. 13, ¶ 41). As such, BRADS avers it is entitled to an entry of judgment declaring Mr. Kuperavage's actions in blocking BRADS's access to the Easement constitute trespass. (Doc. 17, ¶¶ 8, 12). BRADS asks the Court to reserve the issue of damages for subsequent resolution. (Doc. 17, ¶ 13).

Defendants counter that BRADS is not entitled to judgment on the pleadings because a genuine dispute of facts remains. Defendants argue that partial judgment on the pleadings should be denied allowing them to provide evidence of their mining operation. (Doc. 23, at 8). Defendants submit that they have a right to access the Property pursuant to the leasehold rights under KK Coal's lease which are recognized by Schuylkill County. (Doc. 23, at 7). Defendants assert that the Condemnation proceedings were not legal because both BRADS and the Blythe Township failed to provide Defendants actual notice of the Condemnation. (Doc. 23, at 7). Specifically, Defendants contend that pursuant to 26 Pa. Stat. and Cons. Stat. Ann. § 305(b)(1) service of written notice of the Condemnation should have been provided to

Mr. Kuperavage instead of through physically posting notice and publishing in two newspapers. (Doc. 23, at 7). Further, Defendants assert that BRADS and the Blythe Township intentionally failed to give Defendants actual, proper notice of the Condemnation to obtain the Easement. (Doc. 23, at 8).

According to Pennsylvania law, trespass "occurs when the defendant intentionally makes (or causes another person or thing to make) an unauthorized entry on land in the plaintiff's possession, remains on the land, or fails to remove a thing from the land despite a duty to do so." *Kopka v. Bell Tel. Co.*, 91 A.2d 232, 235 (Pa. 1952). Trespass is a strict liability tort. *Boring v. Google Inc.*, 362 F. App'x 273, 280 (3d Cir. 2010) (quoting Prosser on Torts at 63 (West, 4th ed. 1971)); *See Muhammad v. United States*, 884 F. Supp. 2d 306, 316 (E.D. Pa. 2012) (reasoning that trespass is a strict liability tort because "a defendant need not have the purpose or intent of committing an unlawful trespass"); *Hartel v. Beazer E., Inc.*, No. CV 23-1629, 2025 WL 964007, at *8 (W.D. Pa. Mar. 31, 2025). To bring an action for trespass a plaintiff "must have had exclusive use and possession of the property at issue." *Roth v. Cabot Oil & Gas Corp.*, 919 F. Supp. 2d 476, 492 (M.D. Pa. 2013) (quoting *Graham Oil Co. v. BP Oil Co.*, 885 F. Supp. 716, 724 (W.D. Pa. 1994)). There is no requirement for a plaintiff to plead damages when stating a claim for trespass. *Win & Son, Inc. v. City of Philadelphia*, No. CIV.A. 13-5977, 2014 WL 641359, at *7 (E.D. Pa. Feb. 19, 2014).

To succeed on a trespass claim, a plaintiff "must prove an intentional entrance upon land in the possession of another without a privilege to do so." *Kopka,* 91 A.2d at 235; *see Parrilla Perez v. Vega*, No. CV 18-0997, 2020 WL 977433, at *13 (E.D. Pa. Feb. 28, 2020) (reasoning that "[c]onduct which would otherwise constitute a trespass is not a trespass if it is privileged"). Under Pennsylvania law, a trespass can occur once the intrusion exceeds the

scope of a privilege to enter property. *Acad. Indus., Inc. v. PNC Bank, N.A.*, No. 0634 JULY TERM 2000, 2002 WL 1472342, at *16 (Philadelphia Cty. Ct. Com. Pl. May 20, 2002) (citing *Commonwealth v. Johnston*, 263 A.2d 376, 379 (Pa. 1970)); *Hyman v. Cap. One Auto Fin.*, 306 F. Supp. 3d 756, 767 (W.D. Pa. 2018) (noting that a defendant having privilege does not prevent a plaintiff from later asserting a claim of trespass against the defendant).

Here, the Defendants have admitted to all material factual allegations in BRADS's complaint to constitute the claim of trespass. BRADS identified that the following elements of a trespass claim have been pleaded and proved:

1. It owned or possessed the real property subject to the intrusion;
2. The defendants entered (or caused a substance, an object, or a person to enter) onto the plaintiff's property;
3. The entry was: intentional; or a result of recklessness, negligence, or an ultrahazardous activity; and
4. It did not authorize the entry, or the entry exceeded the permission granted by the plaintiff.

(Doc. 18, at 9).

First, Defendants admit that BRADS entered into an easement agreement with Blythe Township that provided BRADS with "a perpetual, exclusive easement and right of way, with right, privilege, and authority to undertake the Sewer Line Construction." (Doc. 18, at 9; Doc. 1, ¶¶ 25, 27; Doc. 13, ¶¶ 25, 27). Defendants further admit that BRADS was in possession of the Easement, including at the time of the physical intrusion. (Doc. 1, ¶ 28; Doc. 13, ¶ 28). Second, Defendants admit to causing an object to enter the Easement located on the Property. (Doc. 13, ¶ 5). Third, Defendants admit that Mr. Kuperavage's Counsel advised him to interfere with BRADS access to the Easement. (Doc. 1, ¶ 41; Doc. 13, ¶ 41). Defendants admit that Mr. Kuperavage had previously expressed intent to interfere with BRADS's access and rights under its Easement. (Doc. 1, ¶ 41; Doc. 13, ¶ 41). Defendants admit that Mr.

Kuperavage placed "large heavy machinery in the Easement early on October 7, 2025. (Doc. 1, ¶ 45; Doc. 13, ¶ 45). Finally, BRADS did not consent to Mr. Kuperavage actions in blocking access to the Easement. (Doc. 1, ¶ 43; Doc. 13, ¶ 43).

Even if Defendants had the privilege to enter the Property pursuant to their mining rights lease, blocking access to the Easement exceeded the scope of any said privilege. *See Hyman*, 306 F. Supp. 3d at 767. Defendants raise two affirmative defenses to BRADS's claim of trespass. (Doc. 13, at 10). Defendants' two affirmative defenses are as follows: (1) BRADS "is estopped from interfering with Defendants' use of the Property pursuant to the terms of the KK Coal Lease due to the failure of Plaintiff and Blythe Township to provide Defendants with proper Notice of Condemnation" and (2) BRADS "waived its right to interfere with Defendants' use of the Property pursuant to the terms of the KK Coal Lease due to the failure of Plaintiff and Blythe Township to provide Defendants with proper Notice of Condemnation." (Doc. 13 at 10). As further explained infra Section III.B, the Court does not have jurisdiction to evaluate the validity of the Condemnation, nor can it exercise review over the Notice of Condemnation. Further, because trespass is a strict liability offense and Defendants have admitted to all factual contentions constituting the individual elements of trespass, the defenses fail. *Muhammad*, 884 F. Supp. 2d at 316. Defendants have raised no factual disputes that prohibit the granting of BRADS's motion for partial judgment on the pleadings. (Doc. 17).

B. <u>JUDICIAL NOTICE OF THE CONDEMNATION DOCKET AND FILINGS</u>

Fed. R. of Evid. 201(b) permits a district court to take judicial notice of facts that are "not subject to reasonable dispute" in that they are either: "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from

sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Court is "entitled to take judicial notice of public records in considering a motion for dismissal or motion for judgment on the pleadings." *Dinicola v. DiPaolo*, 945 F. Supp. 848, 855 (W.D. Pa. 1996); *see Pache v. Wallace,* Civ. No. 93–5164, 1995 WL 118457, at *2 (E.D. Pa. March 20, 1995), *aff'd, Pache v. Wallace*, 72 F.3d 123 (3d Cir. 1995)); *Taha v. I.N.S.,* 828 F. Supp. 362, 364 n. 6 (E.D. Pa. 1993); *Piazza v. Major League Baseball,* 831 F. Supp. 420, 427 n. 8 (E.D. Pa. 1993).

Here, the Court finds it is proper to take judicial notice of the Condemnation proceeding docket and filings *In Re: Condemnation by the Township of Blythe for a Portion of Land in Fee Over Lands of David W. Davis, Schuylkill Mining Company, and Green Valley Coal Mining Co., Inc. for Use in a Sanitary Sewer System Project (Township of Blythe v. Schuylkill Mining Company)*, No. S-1572-2025 (Schuylkill Cnty. Ct. Com. Pl.). However, the Court notes that it does not have jurisdiction to review the validity of the Condemnation.[1] *See Sorger v. Philadelphia Redevelopment Auth. of City of Philadelphia*, 401 F. Supp. 348, 353 (E.D. Pa. 1975) (denying plaintiff's request for the Court to enjoin the condemnation proceeding from state court because that "would interfere with the orderly administration of justice in the state court"). A party does not have the right to re-litigation in federal court of a previously decided

---

[1] Even if the validity of the Notice of the Condemnation is in question, Mr. Kuperavage and KK Coal received notice of the proceedings pursuant to Section 305(b)(2) through publication in two newspapers of general circulation and posting in the Easement on the Property. (Doc. 1, ¶ 21; Doc. 13, ¶ 21). Under 26 Pa. Stat. and Cons. Stat. Ann. § 305(a) "the condemnor shall give written notice of the filing to the condemnee, to any mortgagee of record and to any lienholder of record." 26 Pa. Stat. and Cons. Stat. Ann. § 305(a). Pursuant to 26 Pa. Stat. and Cons. Stat. Ann. § 305(b)(2) "[i]f service cannot be satisfied under (b)(1) then service shall be made by posting a copy of the notice upon the most public part of the property and by publication of a copy of the notice, omitting the plot plan required by subsection (c)(9), one time each in one newspaper of general circulation and the legal journal, if any, published in the county." 26 Pa. Stat. and Cons. Stat. Ann. § 305(b)(2).

matter by state courts. *Sorger*, 401 F. Supp. at 352; *see also Hilliard v. Commonwealth of Pennsylvania*, 308 F. Supp. 756 (W.D. Pa. 1970) (finding that prior adjudication in a state eminent domain proceeding prevents plaintiffs from relitigating in federal court under the theory of res judicata).

## IV. CONCLUSION

For the foregoing reasons, BRADS's motion for judgment on the pleadings is **GRANTED**. (Doc. 17). The issue of damages will be reserved for subsequent decision.

An appropriate Order follows.

**BY THE COURT:**

**Date: September 15, 2026**

s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**United States District Judge**